IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CORISSA KERR,

                    Plaintiff,

vs.                                        Case No. 11-1019-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the

Commissioner of Social Security denying the plaintiff disability

insurance benefits and supplemental security income payments.

The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.

§ 405(g), which provides that "the findings of the Commissioner

as to any fact, if supported by substantial evidence, shall be

conclusive."  The court should review the Commissioner's decision

to determine only whether the decision was supported by

substantial evidence and whether the Commissioner applied the

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984

(10th Cir. 1994).  Substantial evidence requires more than a

scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the

conclusion.   The determination of whether substantial evidence
supports the Commissioner's decision is not simply a quantitative
exercise, for evidence is not substantial if it is overwhelmed by
other evidence or if it really constitutes mere conclusion.  Ray
v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court
is not to reweigh the evidence, the findings of the Commissioner
will not be mechanically accepted.  Nor will the findings be
affirmed by isolating facts and labeling them substantial
evidence, as the court must scrutinize the entire record in
determining whether the Commissioner's conclusions are rational.
Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The
court should examine the record as a whole, including whatever in
the record fairly detracts from the weight of the Commissioner's
decision and, on that basis, determine if the substantiality of
the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be
determined to be under a disability only if the claimant can
establish that they have a physical or mental impairment expected
to result in death or last for a continuous period of twelve
months which prevents the claimant from engaging in substantial
gainful activity (SGA).  The claimant's physical or mental
impairment or impairments must be of such severity that they are
not only unable to perform their previous work but cannot,
considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the

national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential

evaluation process to determine disability.  If at any step a

finding of disability or non-disability can be made, the

Commissioner will not review the claim further.  At step one, the

agency will find non-disability unless the claimant can show that

he or she is not working at a "substantial gainful activity."  At

step two, the agency will find non-disability unless the claimant

shows that he or she has a "severe impairment," which is defined

as any "impairment or combination of impairments which

significantly limits [the claimant's] physical or mental ability

to do basic work activities."  At step three, the agency

determines whether the impairment which enabled the claimant to

survive step two is on the list of impairments presumed severe

enough to render one disabled.  If the claimant's impairment does

not meet or equal a listed impairment, the inquiry proceeds to

step four, at which the agency assesses whether the claimant can

do his or her previous work; unless the claimant shows that he or

she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth

and final step requires the agency to consider vocational factors

(the claimant's age, education, and past work experience) and to

determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy.

Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of

the analysis.   Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir.

1993).   At step five, the burden shifts to the Commissioner to

show that the claimant can perform other work that exists in the

national economy.   Nielson, 992 F.2d at 1120; Thompson v.

Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).   The Commissioner

meets this burden if the decision is supported by substantial

evidence.   Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will

assess the claimant's residual functional capacity (RFC).   This

RFC assessment is used to evaluate the claim at both step four

and step five.   20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g);

416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On April 30, 2010, administrative law judge (ALJ) Jack D.

McCarthy issued his decision (R. at 13-20).   Plaintiff alleges

that she has been disabled since January 1, 2003 (R. at 13).

Plaintiff is insured for disability insurance benefits through

June 30, 2004 (R. at 15).   At step one, the ALJ found that

plaintiff has not engaged in substantial gainful activity since

her alleged onset date (R. at 16).   At step two,  the ALJ found

that plaintiff had the following severe impairment: alcohol abuse

and dependence (R. at 16).  At step three, the ALJ determined

that plaintiff's bipolar disorder and alcohol dependence meet a

listed impairment, and she would therefore be disabled (R. at 19-

20).  Absent plaintiff's alcohol abuse, the ALJ determined that

plaintiff has no severe impairments or work limitations (R. at

17).  Therefore, the ALJ concluded that because plaintiff was not

disabled absent alcohol abuse or dependence, plaintiff's

substance use disorder is a contributing factor material to the

determination of disability (R. at 20).

**III.  Did the ALJ err in finding that alcohol abuse was a**

**material factor in her disability?**

In 1996, Congress passed Public Law 104-121.  It added the

following language to 42 U.S.C. § 423(d)(2):

> (C) An individual shall not be considered to
> be disabled for purposes of this title if
> alcoholism or drug addiction would (but for
> this subparagraph) be a contributing factor
> material to the Commissioner's determination
> that the individual is disabled.

20 C.F.R. § 404.1535 (disability insurance) and § 416.935 (SSI)

are identical, and are the implementing regulations governing

this issue.  The implementing regulations make clear that a

finding of disability is a condition precedent to an application

of §423(d)(2)(C).  The Commissioner must first make a

determination that the claimant is disabled.  He must then make a

determination whether the claimant would still be found disabled

if he or she stopped abusing alcohol or drugs.  If so, then the

alcohol or drug use is not a contributing factor material to the

finding of disability.  If however, the claimant's remaining

impairments would not be disabling without the alcohol or drug

abuse, then the alcohol or drug abuse is a contributing factor

material to the finding of disability.  The ALJ cannot begin to

apply §423(d)(2)(C) properly when he has not yet made a finding

of disability.  Drapeau v. Massanari, 255 F.3d 1211, 1214-1215

(10th Cir. 2001).  In other words, an ALJ must first conduct the

five-step inquiry without separating out the impact of alcoholism

or drug addiction.  If the ALJ finds that the claimant is not

disabled under the five-step inquiry, then the claimant is not

entitled to benefits and there is no need to proceed with the

analysis under §§ 404.1535 or 416.935.  If the ALJ finds that the

claimant is disabled and there is medical evidence of his or her

drug addiction or alcoholism, then the ALJ should proceed under

§§ 404.1535 or 416.935 to determine if the claimant would still

be found disabled if he or she stopped using alcohol or drugs.

Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001).  The

ALJ followed the regulations in his decision in this case.

     Dr. Skirchak, plaintiff's treating psychiatrist, opined on

October 28, 2009 that plaintiff had numerous marked or extreme

mental impairments, and further opined that plaintiff's alcohol

abuse does not contribute to, cause, or exacerbate her mental

impairments or limitations (R. at 611-614).  The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight than the views of consulting physicians or those who only review the medical records and never examine the claimant.  The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  When a treating source opinion is inconsistent with the other medical evidence, the ALJ's task is to examine the other medical source's reports to see if they outweigh the treating source's reports, not the other way around.  Treating source opinions are given particular weight because of their unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations.  If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ must provide a legally sufficient explanation for rejecting the opinion of treating medical sources in favor of non-examining or consulting medical sources. Robinson, 366 F.3d at 1084.

A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion. Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004). A treating source opinion not entitled to controlling weight is still entitled to deference and must be weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency of examination;
(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
(3) the degree to which the physician's opinion is supported by relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

After considering the above factors, the ALJ must give good reasons in his/her decision for the weight he/she ultimately assigns the opinion. If the ALJ rejects the opinion completely, he/she must then give specific, legitimate reasons for doing so.

Watkins, 350 F.3d at 1301.

The ALJ rejected the opinions of Dr. Skirchak, stating the following:

> The claimant's treating psychiatrist [Danielle Skirchak, M.D.] completed the medical source statement set forth in Exhibit 16F on October 28, 2009. Dr. Skirchak rated the claimant as having marked or extreme limitations in all areas, but these opinions are inconsistent and contradictory to her own treatment notes.

(R. at 18).[1]

The ALJ gave substantial weight to the opinions of Dr. Warrender and Dr. Adams, who prepared a state agency mental RFC assessment (R. at 17).  They opined that plaintiff met listed impairment 12.09 (substance addiction disorders), but that absent alcohol abuse or dependence, plaintiff only had mild limitations in activities of daily living, social functioning, and maintaining concentration, persistence, and pace.  Furthermore, absent alcohol abuse or dependence, she had no episodes of decompensation (R. at 556, 566, 568, 582).

---

[1]Plaintiff argues that the ALJ erred by only mentioning Exhibit 16F (R. at 611-613), but not mentioning Exhibit 17F (R. at 614).  However, Dr. Kirchak in Exhibit 16F expressly states that plaintiff's alcohol abuse does not contribute to her impairments or limitations (R. at 612), which is nearly identical to his only finding in Exhibit 17F that plaintiff's impairments or limitations are not caused or exacerbated by her drug or alcohol abuse.  Furthermore, both exhibits are dated on October 28, 2009 (R. at 613, 614).  The opinion expressed in Exhibit 17F essentially duplicates the opinion expressed in Exhibit 16F.  On these facts, the court finds that the ALJ did not err by failing to expressly reference Exhibit 17F in his decision.

The ALJ also gave substantial weight to the opinion of Dr. Winfrey, a medical expert who testified at the hearing (R. at 51). Dr. Winfrey testified that, considering plaintiff's alcohol abuse or dependence, she meets listed impairment 12.04 and 12.09 (R. at 51-57). However, absent alcohol abuse or dependence, Dr. Winfrey indicated that plaintiff does not meet or equal a listed impairment (R. at 58). Dr. Winfrey testified that absent alcohol abuse or dependence, she did not have any work limitations that prevented her from performing her past jobs based on his examination of her job history (R. at 55).

The ALJ rejected the opinion of Dr. Skirchak because her opinions were inconsistent and contradictory to her own treatment notes (R. at 18). Dr. Winfrey reviewed the treatment records in this case, including the opinions of Dr. Skirchak (R. at 51-56). Dr. Winfrey testified that, in his opinion, the opinions expressed by Dr. Skirchak were:

> contradictory to her notes, so I put no
> weight on that.

(R. at 57). Thus, the ALJ relied on the opinion of Dr. Winfrey that the opinions of Dr. Skirchak were contradictory to her treatment notes as the basis for rejecting her opinions. Furthermore, the opinion of Dr. Winfrey that plaintiff was not disabled absent alcohol use or dependence was consistent with the opinions expressed by Dr. Warrender and Dr. Adams.

The court will not reweigh the evidence or substitute its

judgment for that of the Commissioner.  Hackett v. Barnhart, 395

F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d

903, 905, 908, 909 (10th Cir. 2002).  Although the court will not

reweigh the evidence, the conclusions reached by the ALJ must be

reasonable and consistent with the evidence.  See Glenn v.

Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm

if, considering the evidence as a whole, there is sufficient

evidence which a reasonable mind might accept as adequate to

support a conclusion).  The court can only review the sufficiency

of the evidence.  Although the evidence may support a contrary

finding, the court cannot displace the agency's choice between

two fairly conflicting views, even though the court may have

justifiably made a different choice had the matter been before it

de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir.

2007).  The court finds that the ALJ gave a good and reasonable

explanation in his decision for the weight he assigned to the

various medical source opinions, setting forth specific and

legitimate reasons for his findings.  The ALJ could reasonably

rely on the opinion of Dr. Winfrey, who reviewed the medical

records and opinions of Dr. Skirchak, that the opinions of Dr.

Skirchak were contradictory to her notes.  The court finds that

substantial evidence supports the decision of the ALJ.

     IT IS THEREFORE ORDERED that the judgment of the

Commissioner is affirmed pursuant to the fourth sentence of 42

U.S.C. § 405(g).

Dated this 22nd day of November, 2011, Topeka, Kansas.


                         s/ Sam A. Crow
                         Sam A. Crow, U.S. District Senior Judge